Dissenting Opinion.
Poché, J.
The action of the majority in dismissing this appeal is, in my opinion, erroneous, and I therefore dissent.
The account of administration, which was opposed by the City of New Orleans, shows that the assets of the succession amounted to $2,692.00.
This, in the contemplation of the Constitution, (Art. 81) was the amount to be distributed, and as it exceeds one thousand dollars, this Court is clearly vested with jurisdiction.
The provision of tho present Constitution, which extends the jurisdiction of this Court to all cases when “ the fund to be distributed, whatever may be the amount therein elaimed, shall exceed one thousand dollar»,” is not to be found in any of the previous Constitutions of this State, by all of ■which the jurisdiction of the Supreme Court was. restricted to, and to be tested by, the amount in dispute, ■ Hence, the decisions rendered under previous Constitutions can have no bearing on the issue herein presented.
The error of my brethren of the majority consists, in my opinion, in testing the jurisdiction of this case, under the issue presented after the rendition of a judgment homologating the account as far as not opposed, *587 and concluding that the amount to be distributed is the amount not disposed of by the judgment.
The correct, rule is to determine the jurisdiction of the Court under the issues presented by the pleadings. At the time of filing her opposition to an account of administration, proposing to distribute a fund exceeding one thousand dollars, the City of New Orleans, whatever might be the amount which she claimed therein, had acquired the constitutional right of appeal, of which she could not be divested by any act of the administrator, or of other creditors of the succession, or by any judgment, order or decree of the lower court. It is, therefore, manifestly erroneous to hold that the fund to be distributed is only §237.60, and the amount claimed therein is just $237.60. If such was the case, counsel would not have asked an appeal, and the District Judge would have granted none, even under the Constitution of 1868.
When the case reached us, the amount in dispute was the claim of the City of New Orleans, and if our jurisdiction was restricted to the amount in dispute, or to be tested by the pecuniary amount of the issue presented on appeal, or of the judgment which we may render, the opinion would be correct, but in all such cases our jurisdiction is to be determined by the amount of the fund to be distributed, and hence, in my humble opinion, the decree rendered by the majority virtually strikes out of the Constitution the provision which extends the jurisdiction of this Court to all cases, where the fund to be distributed, without regard to the amount therein claimed, exceeds one thousand dollars.
In several cases, involving a similar issue, we have exercised jurisdiction, and have thus fully recognized and enforced the rule under which our jurisdiction is to be tested by the amount of the fund to be distributed, irrespective of the amount therein claimed, and not by the amount in dispute, in all settlements of successions, and all matters where settlements are to be made in concurso.
Among such cases, I have hastily picked out the following: Verret vs. Bonvillain, 33 A. 1034; Succession of Picard, 33 A. 1137; Weems vs. Delta Moss Co., 33 A. 976; Succession of Andrew Wells, No. 8202, not yet reported.
It is true that the question of jurisdiction was not raised by counsel in those cases, nor has it been submitted in the present case.
In the case of Louisiana Western R. R. Co. vs. Hopkins, 33 A. 806, we dismissed the appeal because it was not a concurso, and we strongly intimated that if such were the ease, we would have maintained the appeal, without reference to the amount claimed in the fund distributed.
I, therefore, conclude that the decree dismissing appeal is erroneous.
Mr. Justice Fenner concurs in this opinion.